﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/18 Archive Date: 11/29/18

DOCKET NO. 180927-429
DATE: November 29, 2018
ORDER
Entitlement to a compensable disability rating for eosinophilic esophagitis is denied.
FINDING OF FACT
Throughout the appeal period, the Veteran’s eosinophilic esophagitis has been manifested by esophageal stricture amenable to dilation.
CONCLUSION OF LAW
The criteria for entitlement to a compensable disability rating for eosinophilic esophagitis have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.2, 4.7, 4.31, 4.114, Diagnostic Codes 7203, 7204.
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran had active service from July 2008 to April 2012. This matter comes before the Board of Veterans’ Appeals (Board) from a September 2018 rating decision. This appeal is being processed via the Rapid Appeals Modernization Process (RAMP), which the Veteran opted into in April 2018.
Entitlement to a compensable disability rating for eosinophilic esophagitis.
Disability ratings are based upon the average impairment of earning capacity as determined by a schedule for rating disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Separate rating codes identify the various disabilities. 38 C.F.R. Part 4.
The determination of whether an increased rating is warranted is based on review of the entire evidence of record and the application of all pertinent regulations. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). “Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary concern.” Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.
In every instance where the schedule does not provide a zero percent evaluation for a diagnostic code, a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met. 38 C.F.R. § 4.31.
The Board will consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of a matter. VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).
Historically, a January 2018 rating decision granted service connection for dysphagia with esophageal stricture, rated 30 percent, effective February 16, 2015, and granted an increased rating of 30 percent for the Veteran’s gastroesophageal reflux disease (GERD) with eosinophilic esophagitis and pancreatitis, effective February 16, 2015. The Veteran filed a February 2018 notice of disagreement with the disability rating assigned for his GERD, and subsequently opted in to RAMP. As a result, he was issued the September 2018 rating decision currently on appeal.
In the September 2018 rating decision currently on appeal, the Veteran’s service-connected disabilities were recharacterized to more accurately reflect his disability picture. Specifically, his GERD was recharacterized to include a hiatal hernia and pancreatitis, and he was awarded an increased rating of 60 percent for that disability, effective February 16, 2015. His eosinophilic esophagitis was also separated out from his GERD and assigned a 0 percent rating, effective February 16, 2015. The effect of this decision resulted in an overall combined higher rating for the Veteran’s service-connected disabilities; however, he disagreed with noncompensable rating assigned for his eosinophilic esophagitis.
The Veteran’s eosinophilic esophagitis is currently rated under the diagnostic code for a spasm of the esophagus. 38 U.S.C. § 1155; 38 C.F.R. § 4.114, Diagnostic Code 7204. This code provides that the condition should be rated as to the degree of obstruction (stricture) unless it is amenable to dilation. Id.
Stricture of the esophagus is assigned a 30 percent rating when it is moderate. 38 U.S.C. § 1155; 38 C.F.R. 4.114, Diagnostic Code 7203. Where the stricture of the esophagus is severe, permitting liquids only, it is assigned a 50 percent rating. Where the stricture of the esophagus permits passage of liquid only with marked impairment of general health, the condition is assigned a (maximum) 80 percent rating. Id.
In this case, the Veteran filed his claim in February 2015 shortly after VA treatment records reflect that he had been diagnosed with eosinophilic esophagitis as confirmed by an EGD in December 2014. The Veteran had symptoms of choking, dysphagia, chest pain, and shortness of breath that were intermittent and random, and not consistent with the intake of any particular food. He was not placed on any specific dietary restrictions, but he was prescribed medication.
April 2015 VA treatment records indicate that the Veteran’s condition had not yet become associated with any weight loss.
A January 2016 disability benefits questionnaire (DBQ) documents that the Veteran had a diagnosis of GERD, eosinophilic esophagitis, and dysphagia. His symptoms consisted of persistently recurrent epigastric distress, dysphagia, reflux, regurgitation, sleep disturbance caused by esophageal reflux, and recurrent vomiting. Each of these symptoms was noted to occur 4 or more times per year and to last less than a day each time that they occurred. Relying on the December 2014 EGD report, the DBQ noted “innumerable rings in the entire esophagus,” mild hyperinflation, and eosinophilia. The DBQ diagnosed the Veteran with a mild esophageal stricture based on the rings in his esophagus. The DBQ stated that the Veteran’s recurring dysphagia had resulted in him having to receive the Heimlich maneuver which affected his work and business activities, and that his other symptoms caused distractions that diminished his productivity, caused difficulty sleeping, impacted his alertness, caused him to miss work, and caused him to rise earlier than would have been necessary in order to take his medications.
A February 2016 statement submitted by one of the Veteran’s fellow servicemen with whom he had remained acquainted described the Veteran having symptoms including problems eating, choking, reflux, vomiting, other stomach problems, regurgitation, trouble sleeping, trouble eating, and trouble drinking. The statement explained that the symptoms that the Veteran experienced in service had continued to become progressively worse through the date of the writing of the statement.
The Veteran also submitted a statement in February 2016 in which he asserted that his condition had progressed to the point where, without treatment, he could swallow only liquids. With treatment, he remained able to swallow liquids and soft foods.
In July 2016, the Veteran sought treatment at a VA urgent care facility due to a sensation that he was unable to swallow and had a foreign body in his throat. No foreign body was found in his throat, but his medication was increased. An August 2016 VA treatment record records that he was placed on a diet of liquids and soft foods in response to this incident. He had lost 20 pounds. He underwent another EGD at this time. The findings continued to be consistent with eosinophilic esophagitis. One of the rings in his esophagus was causing moderate obstruction, but was successfully dilated as part of the procedure.
The Veteran underwent a VA examination in January 2018. The examiner noted signs and symptoms including persistently recurrent epigastric distress, dysphagia, reflux, regurgitation, and sleep disturbance. Symptoms occurred 4 or more times per year, lasting less than 1 day each time. Material weight loss was noted, specifically a baseline weight of 190 pounds to a current weight of 179 pounds. Episodes of vomiting occurred 4 or more times per year, also lasting less than 1 day each time. The Veteran’s stricture of the esophagus was described based on the findings of the August 2016 EGD procedure previously discussed.
Based on this evidence, the Board finds that the evidence of record does not meet the criteria for a compensable rating for the Veteran’s eosinophilic esophagitis. While the evidence of record indicates that the Veteran’s condition does cause stricture of the esophagus as indicated in the EGD of record from August 2016, that same procedure also demonstrated that the Veteran’s condition was amenable to dilation. Under these conditions, the Board finds that the Veteran’s condition most closely resembles the criteria rated for spasm of the esophagus that is amenable to dilation. 38 C.F.R. § 4.114, Diagnostic Code 7204. Where the condition is amenable to dilation, a compensable rating for the degree of stricture is not appropriate. Id.; 38 C.F.R. § 4.31.
(Continued on the next page)
 
The Board has also considered the other digestive problems documented by the Veteran’s VA treatment records, VA examination, and DBQ. However, the Board notes that these digestive symptoms (such as persistently recurrent epigastric distress, dysphagia, reflux, regurgitation, sleep disturbance caused by esophageal reflux, and recurrent vomiting) are also symptoms associated with his GERD, hiatal hernia, and pancreatitis conditions for which he is separately compensated at the rate of 60 percent. Consequently, additional compensation for those symptoms here is not appropriate. 38 C.F.R. § 4.14.
 
A. ISHIZAWAR
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Steven H. Johnston, Associate Counsel